IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN A. REESE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | 3:11-CV-2018-O (BK) |
| | § | |
| v. | § | |
| | § | |
| RICK THALER, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set out below, it is recommended that the petition be denied.

I.   **BACKGROUND**

In 2009, Petitioner pled guilty to aggravated robbery with a deadly weapon, and was sentenced to fifteen years' imprisonment. *State v. Reese*, No. F0951841-M (194th Judicial District Court, Dallas, County, 2009). Petitioner did not file a direct appeal, but submitted a state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Reese,* No. WR-74,766-01, at cover and 6-17 (hereinafter cited to as "SHCR" (State Habeas Clerk's Record), followed by the page number). Subsequently, Petitioner timely filed this federal habeas petition challenging his conviction, alleging: (1) a *Sixth Amendment* violation of ineffective assistance of counsel, and (2) a violation

of his right to due process (claiming an involuntary plea). (Doc. 2 at 6). Respondent contends all claims are procedurally barred. (Doc. 10 at 12). Respondent is correct.

## II. DISCUSSION

### A. Unexhausted and Procedurally-Barred Claims

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To fully exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest state court for review prior to raising it in federal court. *See Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review on direct appeal or in an application for a writ of habeas corpus. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner's failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Respondent correctly points out that Petitioner did not adequately exhaust his claims of ineffective assistance of counsel (IAC) raised in his first ground – namely that counsel (a) failed to investigate his case; (b) belatedly filed a motion to suppress the day of trial, (c) failed to prepare a defense, and (d) labored under a conflict of interest because she was biased. (Doc. 10 at 10.) A review of the state habeas court record confirms Petitioner did not fairly present the above grounds in his state habeas application. SHCR at 7-8. While Petitioner raised IAC in his state application, he did so only on other grounds. *See* SHCR at 7-8.[1] Likewise, Petitioner did

---

[1] The state habeas application raised the following IAC claims: (a & b) failure to file an examining trial or allow the Petitioner to review the Motion for Discovery prior to trial, and (c)

not raise the involuntary plea claims in his state habeas application and, as a result, they also remain unexhausted. *Id.* Therefore, because Petitioner did not properly present any of the claims he makes here to the highest court in Texas, his failure to exhaust constitutes a procedural default that bars this Court from considering his petition. *Morris*, 413 F.3d at 491-92.

As noted above, Petitioner may overcome a procedural bar by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, Petitioner has not made that showing. (Doc. 2-3.) It is apparent from review of the record that Petitioner had the opportunity to raise in his state writ all the claims he presents here, but simply failed to do so. SHCR at 8-9. As a result, all of his claims in his petition are procedurally barred from federal habeas review. *Ries*, 522 F.3d at 523-24.

## II.   RECOMMENDATION

For the foregoing reasons, the District Court should **DENY** the petition for writ of habeas corpus.

SIGNED February 21, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

failure to act as a zealous advocate, namely defense counsel did not "do anything to help [Petitioner] in court" and refused to "fight for [his] rights." SHCR at 7-8.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE