IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JONATHAN A. REESE, JR., #1598113,**
   **Petitioner,**

**v.**                  **3:11-CV-2018-O-BK**

**RICK THALER, Director, TDCJ-CID,**
   **Respondent.**

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

  Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. In February 2012, the undersigned recommended that the petition for writ of habeas corpus be denied because Petitioner's habeas claims were unexhausted and, thus, procedurally barred. (Doc. 15.) On April 3, 2012, after receiving an extension of the time to object, Petitioner filed a *Motion to Abate the Petition and/or to Dismiss the Petition without Prejudice* (*Motion to Abate*). (Doc. 18). For the reasons that follow, it is recommended that Petitioner's *Motion to Abate* be denied.

  While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ:

    If a subsequent application for writ of habeas corpus is filed after final disposition
    of an initial application challenging the same conviction, a court may not consider

>the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
>>(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>>
>>(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*See* Tex. Code Crim. Proc. Ann. art. 11.07, § 4(a) (West 2012).  This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Here, a Texas court, if presented with a successive writ filed by Petitioner, would likely find it barred.  *See Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997).  This procedural bar provides an adequate basis to decline a motion to stay.  *See Jaramillo v. Quarterman*, No. SA–08–CV–1003, 2009 WL 3765501, *3 (W.D. Tex. Nov.10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*." ); *Anderson v. Quarterman*, No. 3:05-CV-2331-D, 2008 WL 906068, *1, *6 and n.7 (N.D. Tex. Mar. 31, 2008) (denying habeas petition in part as procedurally barred, and denying stay in light of Texas Abuse of the Writ doctrine); *see also Culberson v. Thaler*, 3:10-CV-2368-O, 2011 WL 6934954, at 2-3 (N.D. Tex. June 30, 2011), *recommendation accepted*, 2011 WL 6934900 (N.D. Tex. Dec. 28, 2011) (noting limited discretion to stay under *Rhines* and denying unexhausted claim as procedurally barred).

Accordingly, it is recommended that the petition for writ of habeas corpus be **DENIED**, as previously recommended, and Petitioner's *Motion to Abate the Petition and/or to Dismiss the Petition without Prejudice* (Doc. 18) also be **DENIED**.

SIGNED May 18, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE