IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN A. REESE, JR., <br> Petitioner, | § § § § | |
| v. | § | 3:11-CV-2018-O-BK |
| | § | |
| RICK THALER, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br> Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In February and May 2012, the undersigned recommended that the petition for writ of habeas corpus and Petitioner's *Motion to Abate* be denied. (Doc. 15, 18.) Petitioner now seeks leave to amend to allege a new claim of ineffective assistance of counsel. For the reasons that follow, Petitioner's *Motion for Leave to File an Amended Complaint* (Doc. 24) should also be **DENIED**.

First, Petitioner did not comply with this Court's prior order to submit a proposed amended petition raising <u>all</u> the claims he intends to pursue. *See* Local Rule 15.1 (requiring that motion for leave to amend be accompanied by proposed amended complaint/petition). With his *Motion for Leave*, Petitioner submitted a *Memorandum of Law* that only sets out his new ground. In addition, neither the *Motion for Leave* nor the *Memorandum* contains a certificate of service. *See* FED. R. CIV. P. 5(a) (specifying procedures for serving and filing pleadings); FED. R. CIV. P. 15(a)(2) (providing that where more than twenty-one days have elapsed since Respondent was served, Petitioner may amend his petition "only with the opposing party's written consent or the

court's leave").  Notwithstanding these deficiencies, however, Petitioner's new claim of ineffective assistance of counsel is barred by the one-year statute of limitations.

Under Rule 15(c)(1)(B), Federal Rules of Civil Procedure, an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  Therefore, only those claims in the amended petition that are tied to a common core of operative facts as the claims in the original petition will relate back to the original petition and will be considered timely filed.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner's new claim (that counsel failed to request a competency hearing) differs from the original claims asserted in his federal petition (that counsel failed to investigate, failed to file a motion to suppress, and failed to develop a trial strategy).  Although Petitioner complains of ineffective assistance of counsel in both his original petition and *Motion for Leave/Memorandum*, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they rest on the same constitutional violation."  *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009).  None of the original claims of ineffective assistance of counsel apprised Respondent of the new claim.  In addition, nothing in the original petition mentions the facts that form the basis for the new claim.  Rather Petitioner attempts to introduce a new legal theory on facts different from those underlying the original claims.  See, e.g., *Gonzalez*, 592 F.3d at 679 (quoted case omitted) (ineffective assistance of counsel claims do not relate back to original petition when original ineffective assistance of counsel claims involve an "entirely distinct type of attorney misfeasance" from the claim asserted in the amended pleading); *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (cited case omitted) (although "an amendment offered for the purpose

of adding to or amplifying the facts already alleged in support of a particular claim may relate back, one that attempts to introduce a new legal theory based on facts different from those underlying the timely claims may not"). Consequently, Petitioner's new claim of ineffectiveness does not relate back to the date his original petition was filed in this case.

Although his original federal petition was timely, Petitioner's new allegation of ineffective assistance (submitted almost one year later) is clearly outside the one-year limitations period. Petitioner's conviction became final by September 2011 – thirty days after the entry of his judgment of conviction. *See* 28 U.S.C. § 2244(d)(1); Tex. R. App. P. 26.2(a)(1) (one-year statute of limitations for seeking federal habeas corpus relief, calculated from the date the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review). Accordingly, it is recommended that Petitioner's *Motion for Leave to File an Amended Complaint* (Doc. 24) be **DENIED**.

SIGNED September 4, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE